IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SARA ELIZABETH RITZER,  )
                     Plaintiff,  )
-vs-  )   Civil Action No. 15-1464
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
                     Defendant.  )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the Court are Cross Motions for Summary Judgment. (ECF Nos. 11 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 11) and granting Defendant's Motion for Summary Judgment. (ECF No. 15).

### I. **BACKGROUND**

Initially, Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). According to Plaintiff, she filed an initial SSI application on June 24, 2008, alleging that she became disabled on October 22, 2007. (ECF No. 7-7, p. 2). That application was denied on October 16, 2008, and Plaintiff did not appeal. She filed her second SSI application on January 20, 2009, alleging she had been disabled since October 22, 2007. (ECF Nos. 7-7, p. 5). An Administrative Law Judge ("ALJ") found Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 13-23). Thereafter, Plaintiff appealed to this Court. Upon review, on May 5, 2012, this Court remanded the case. (ECF No. 7-40, pp. 28-40).

1

On remand, ALJ, Michael S. Kaczmarek, held another hearing on May 6, 2015. (ECF No. 7-39, pp. 26-64). On July 13, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-39, pp. 5-16). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 11 and 15). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

When this court has jurisdiction to review a decision to deny an application for benefits under the Act, the standard of review is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,*

786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### A. **Plaintiff's Residual Functional Capacity ("RFC")**[1]

Plaintiff first argues that the ALJ failed to properly evaluate Plaintiff's right sided weakness, resulting in a determination not supported by substantial evidence. (ECF No. 12, pp. 20-27). Specifically, Plaintiff suggests that the ALJ erred in finding an RFC that permitted her to

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

use her right hand as a "helping hand" and limiting her to jobs that did not "require a high degree of manual dexterity" because these findings are "unsupported by any evidence of record," let alone medical opinion evidence of record to support the same. (ECF No. 12, pp. 20-27). As such, Plaintiff argues that remand is warranted.

While I acknowledge that "[r]arely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant," *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986), it is not a requirement. *Cummings v. Colvin,* No. 14-cv-251, 2015 WL 4092321, *6 (W.D. Pa. July 7, 2015). Furthermore, an ALJ is charged with formulating the RFC based on **all** of the relevant evidence including, all medical evidence or otherwise. 20 C.F.R. § 416.945(a). In this case, there was substantial evidence of record to support the ALJ's finding that Plaintiff could only lift up to three pounds with her right, dominant hand and that she could only use the right hand as a helping hand and could not perform any jobs that require a high degree of manual dexterity with the right hand. *See,* ECF No. 7-39, pp. 10-14; No. 7-31, pp. 19, 62; No. 7-47, pp. 37, 47, 58; 7-48, p. 9; 7-32, p. 5; 7-45; p. 6. Additionally, the ALJ properly considered Plaintiff's testimony, her course of treatment and her activities of daily living. (ECF No. 7-39, pp. 9-14). He also discounted Dr. Lemley's opinion evidence as not fully consistent with Plaintiff's longitudinal medical records. *Id.* at p. 14. This is an appropriate, valid and acceptable reason for discounting opinion evidence. *See,* 20 C.F.R. §416.927 (Evaluating Opinion Evidence). Based on the above, I am able to make a meaningful review. The ALJ's RFC generously accounted for the limitations established by the evidence of record and was supported by substantial evidence. Thus, I find the ALJ did not err in formulating Plaintiff's RFC with regard to her right sided weakness.

4

### B. Dr. Kang, Plaintiff's Treating Physician

Plaintiff argues that the ALJ "failed to give good reasons for rejecting" her treating psychiatrist, Dr. Kang. (ECF No. 12, pp. 27-31). Specifically, Plaintiff argues that the ALJ erred in affording only "partial weight" to Dr. Kang, when he used only Plaintiff's activities of daily living to justify this rejection of Dr. Kang. *Id.* After a review of the record, I disagree.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, the ALJ gave "partial weight" to Dr. Kang. (ECF No. 7-39, p. 14). In support of this finding, the ALJ stated that Plaintiff actually "demonstrated [the] ability to interact with friends, use public transportation, and care for children." *Id.* Furthermore, the ALJ stated that Dr. Kang's "suggestions do not preclude the performance of unskilled work with additional social restrictions." *Id.* Based on the same, I do not find that the ALJ rejected Dr. Kang, as Plaintiff suggests. To the contrary, the ALJ limited Plaintiff's RFC to, *inter alia,* jobs with simple instructions, that are not in close proximity to others and does not have crowds or groups of people. (ECF No. 7-39, p. 9). These are limitations set forth by Dr. Kang. *See,* ECF No. 7-33, pp. 10-12. Thus, I do not find that the ALJ completely rejected Dr. Kang.

The ALJ gave great weight to the opinion of Dr. Brentzel, a state agency psychologist. State agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). The ALJ gave Dr. Brentzel's opinion great weight because Dr. Brentzel's opinion is consistent with Plaintiff's "limited mental health treatment" and appropriately accounts for Plaintiff's "actual demonstrated ability to cope with stress, handle the tasks of caring for children, and interacting with friend and family." (ECF No. 7-39, p. 13). These are all valid and acceptable considerations when evaluating opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). After a review of the record, I find the reasons given by the ALJ in weighing the conflicting opinions to be

sufficiently explained and supported by substantial evidence of record.2 (ECF No. 7-2, pp. 26-30). Thus, I am able to conduct a meaningful review. Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

---

[2]In the paragraph just prior to the concluding paragraph, Plaintiff suggests that "the ALJ was inconsistent in giving weight to the remaining opinions." (ECF No. 12, p. 30). Specifically, Plaintiff suggest that the opinion of the ALJ is internally inconsistent because the ALJ discounted the opinion of Dr. Sherman (a consulting medical examiner) because it predated the application date, but gave great weight to Dr. Brentzel, even though Dr. Brentzel's opinion also predated the application date. *Id.* After a review of the record, I find no merit to this argument. *See,* (ECF No. 7-39, pp. 9-14). The ALJ stated that Dr. Sherman's opinion was rendered before the application date, but gave the opinion limited weight because Plaintiff's condition improved and that her opinions are not consistent with the record as a whole. *Id.* With regard to Dr. Brentzel's opinion, the ALJ found it consistent with Plaintiff's limited mental health treatment. *Id.* Thus, I find the ALJ sufficiently explained his decision.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SARA ELIZABETH RITZER, )
 )
        Plaintiff, )
 )
  -vs- ) Civil Action No.   15-1464
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
        Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 14th day of November, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 11) is denied and Defendant's Motion for Summary Judgment (Docket No. 15) is granted.

                                        BY THE COURT:

                                        s/   Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge